NOT FOR PUBLICATION OR CITATION

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
ASHLAND

CIVIL ACTION NO. 05-CV-178-HRW

CHARLES R. COX                                                                                          PLAINTIFF

VS:                            **MEMORANDUM OPINION AND ORDER**

VETERANS ADMINISTRATION                                                                   DEFENDANT

The *pro se* plaintiff, Charles R. Cox, lists his address as 522 Old Stage Road, Ashland, Kentucky, 41101. He has filed a nine-page handwritten complaint in which he complains about being denied pension benefits from the Veteran's Administration[1] [Record No. 1]. The plaintiff has paid the $250.00 filing fee.

This matter is before the Court for initial screening under the authority of *Apple v. Glenn*, 183 F.3d 477, 479 (6th Cir. 1999). *Apple v. Glenn* permits a district court to conduct a limited screening procedure and to dismiss, *sua sponte*, a fee-paid complaint filed by a non-prisoner if it appears the allegations are "totally implausible, attenuated, unsubstantial, frivolous, devoid of merit, or no longer open to discussion." *Id.* at 479 (citing *Hagans v. Lavine*, 415 U.S. 528, 536-37 (1974)). *Sua sponte* dismissal is also appropriate where claims lack "legal plausibility necessary to invoke federal subject matter jurisdiction." *Apple v. Glenn*, 183 F.3d at 480. Under these circumstances, amendment would not be permitted after dismissal to cure such defects.

DEFENDANT

---

[1] The name of this agency is actually the Department of Veterans Affairs. *See* 38 U.S.C. §101(1). For simplicity's sake, the Court will refer to it as "the VA."

The plaintiff has named the VA "Legal and Medical Departments" as the defendant.

## CLAIMS

The plaintiff complains about a myriad of issues. The complaint appears to be, for the most part, a rambling stream of consciousness. He claims that unspecified federal agencies refuse to acknowledge, recognize or assist him, but give no other specifics as to those claims. He states that he did not receive a fair trial in either Pike County, Kentucky, or West Virginia. He complains that the people of Ashland ignore him; that the City of Ashland is not properly run; that the City of Ashland does not enforce building codes or ensure that sewage is properly handled; and that the local banks have disclosed his financial information to the community.

The plaintiff states that he is a disabled veteran and alleges in several passages of his complaint that the VA has repeatedly denied him a disability pension. He claims that he has been denied his rights under the "Patience Bill of Rights." He states that he has waited three years for a ruling from the VA and complains that the VA does not return his calls.

Finally, the plaintiff complains that various Wal-Mart stores in West Virginia and Kentucky have harassed, humiliated and threatened him.

## DISCUSSION

Subject matter jurisdiction is necessary for the exercise of federal judicial power. *Richmond v. International Business Machines Corporation*, 919 F. Supp. 107 (E.D. N.Y. 1996) (citing Fed.R.Civ.P. 12(b)(1)). The plaintiff has the burden of demonstrating subject matter jurisdiction. *RMI Titanium Co. v. Westinghouse Elec. Corp.*, 78 F.3d 1125, 1134 (6th Cir. 1996); *Moir v. Greater Cleveland Reg'l Transit Auth.*, 895 F.2d 266, 269 (6th Cir.1990).

Either the court, *sua sponte*, or a party may assert the lack of subject matter jurisdiction at any time during the course of an action. Fed.R.Civ.P. 12(b)(1) and 12(h)(3); *Clark v. Paul Gray, Inc.*, 306 U.S. 583 (1939); *Bell v. Hood*, 327 U.S. 678, 681-82 (1946); *Franzel v. Kerr Mfg. Co.*, 959 F.2d 628, 630 (6th Cir.1992). Once challenged, the burden of establishing a federal subject matter jurisdiction rests on the party asserting the jurisdiction. *Thomason v. Gaskill*, 315 U.S. 442 (1942).

In the instant complaint, it appears that the crux of the plaintiff's claims relate to the VA's handling of a claim he has submitted requesting the award of a pension or disability payments. This Court is, however, without jurisdiction to address those claims. The Secretary of Veterans Affairs is responsible for all questions concerning benefits to veterans, their dependents, or their survivors. 38 U.S.C. §511(a). An appeal from the Secretary's decision concerning benefits lies with the Board of Veterans' Appeals (BVA). 38 U.S.C. §7104(a).

The Board's decision may be appealed to the Court of Veterans' Appeals, 38 U.S.C. §7252(a)[2], and then to the United States Court of Appeals for the Federal Circuit. 38 U.S.C. §§7252(c), 7292. Thus, this Court simply does not have subject matter jurisdiction to entertain the

---

[2] Title 38 U. S. C. §7252 provides as follows:

> (a) The Court of Appeals for Veterans Claims shall have exclusive jurisdiction to review decisions of the Board of Veterans' Appeals. The Secretary may not seek review of any such decision. The Court shall have power to affirm, modify, or reverse a decision of the Board or to remand the matter, as appropriate.
>
> (b) Review in the Court shall be on the record of proceedings before the Secretary and the Board. The extent of the review shall be limited to the scope provided in section 7261 of this title. The Court may not review the schedule of ratings for disabilities adopted under section 1155 of this title or any action of the Secretary in adopting or revising that schedule.
>
> (c) Decisions by the Court are subject to review as provided in section 7292 of this title.

plaintiff's dispute with the Department of Veterans Affairs. *Larrabee v. Derwinski*, 968 F.2d 1497, 1499-1501 (2d Cir. 1992). *Moore v. Commissioner of Social Sec.*, 59 F.3d 170, 1995 WL 376731, **1 (6th Cir.(Tenn.) June 22, 1995) (Unpublished Disposition).

To the extent that the plaintiff may be seeking monetary damages from the VA, a federal agency, that claim also fails. Federal courts do not have jurisdiction to consider actions for monetary damages against the United States unless sovereign immunity has been waived. *United States v. Mitchell*, 463 U.S. 206, 212 (1983). "In a suit against the United States, there cannot be a right to money damages without a waiver of sovereign immunity." *United States v. Testan*, 424 U.S. 392 (1976); *see also Will v. Michigan Dept. of State Police*, 109 S.Ct. 2304 (1989); *Kentucky v. Graham*, 473 U.S. at 166. The United States has not waived its sovereign immunity to monetary damages for constitutional torts.

Similarly, a lawsuit against an agency of the United States is, in essence, a suit against the United States. *See Kentucky v. Graham*, 473 U.S. 159, 166 (1985). The VA is a federal agency. "Federal agencies may not be sued *eo nomine* except as authorized by Congress in 'explicit language.'" *Castleberry v. Alcohol, Tobacco & Firearms Div.*, 530 F.2d, 673 n.3 (5th Cir. 1976) (citing *Blackmar v. Guerre*, 342 U.S. 512, 515, 72 S. Ct. 410, 411 (1952)); *Brooks v. Graber*, 2000 WL 1679420 (D. Kan. November 6, 2000) (no authorization existed to name the Department of Justice because it cannot be sued *eo nomine* as a defendant; moreover, plaintiff's claims were barred by sovereign immunity and/or failure to state a claim of relief.

Finally, the plaintiff complains about alleged improper action at the hands of employees of various Wal-Mart stores. He has not, however, named that entity as a defendant. That claim is

4

dismissed without prejudice.

## CONCLUSION

Accordingly, **IT IS ORDERED** that the plaintiff's claims against the Veterans Administration are **DISMISSED WITH PREJUDICE**. The plaintiff's claims against Wal-Mart are **DISMISSED WITHOUT PREJUDICE**. Judgment shall be entered contemporaneously with this memorandum opinion in favor of the named defendant.

This February 7, 2006.

Signed By:
Henry R Wilhoit Jr.
United States District Judge